[Filed July 2, 1892.]

## WM. FRIZZELLE v. O. R. & N. CO. ET AL.

EJECTMENT—EVIDENCE—ACT OF CONGRESS.—In defense of an action of ejectment by a settler on government lands against a railway company to recover the land whereon the company's road is located, it is competent for the defendant to show that prior to the plaintiff's settlement, it complied with the requirements of the act of congress of March 3, 1875, granting to railroad companies the right of way over the public lands; and it is sufficient if, from an inspection and construction of the documents offered in evidence, it appears that such compliance was prior to the settlement, although the exact date does not appear.

Wasco county: W. L. BRADSHAW, Judge.

Defendants appeal. Reversed.

This is an action of ejectment. The substance of the plaintiff's complaint is as follows: That the plaintiff is and at all the times hereinafter stated has been the owner in fee simple of that certain tract or parcel of real property described as lots one and two and the south half of the southeast quarter of section thirty-four in township three north, range eight east, Willamette meridian; that the Oregon Railway & Navigation Company is and at all the times hereinafter stated was a corporation existing under the laws of, and doing business in, the state of Oregon; that heretofore, to wit, about the —— day of ——, 1881, the defendant, the Oregon Railway & Navigation Company, unlawfully entered upon and took possession of that certain portion of the tract hereinbefore described, consisting of a strip through said premises one hundred feet wide, lying along the present line of the Oregon Railway & Navigation Company's line of railroad track, where the same crosses

the said premises, and being and extending fifty feet on each side of said track, and ousted the plaintiff from the possession of said last described premises; that ever since said time, the said defendant, the Oregon Railway & Navigation Company, and the defendant, the Oregon Short Line & Utah Northern Railway Company, have unlawfully withheld and detained the possession of the said premises from the plaintiff, and still unlawfully withhold and detain the same, wherein and whereby the plaintiff has been damaged in the full sum of one thousand dollars. Then follows a prayer for the recovery of said premises and one thousand dollars' damages. The defendants severally demurred to the complaint, but the record fails to disclose what disposition was made of the demurrers. The answer denies an entry in 1881, but alleges an entry in 1880 by the Oregon Railway & Navigation Company and continuous and exclusive possession and occupation since that time by the defendant and its co-defendant, which lastnamed defendant entered as the tenant of the Oregon Railway & Navigation Company about the first day of August, 1889. Said answer alleges an adverse holding by the said first-named defendant and its tenant for more than ten years next before the commencement of the action. The answer also denies the plaintiff's title, and also the unlawful entry or possession by defendants, and pleads title in the Oregon Railway & Navigation Company. The answer also alleges that the Oregon Railway & Navigation Company acquired said strip of land under the act of congress granting the right of way over the public lands of the United States to all railways complying with said act. The reply denied the new matter in the answer.

Upon the trial, the plaintiff introduced his patent from the United States covering said land, and gave some evidence tending to show the value of the use and occupation, and rested. The defendants then undertook to show that while the land in controversy was yet public land of the

United States, the Oregon Railway & Navigation Company surveyed its line of road across the same, and thereafter in all respects complied with the act of congress granting the right of way to all railroads afterwards constructed over the public lands. The principal exceptions relied upon were taken to the ruling of the court excluding from the consideration of the jury certain documentary evidence offered on the part of the defendants, which will be more particularly noticed in the opinion. The plaintiff recovered judgment for the recovery of the land and a judgment against the defendant, the Oregon Railway & Navigation Company, for six hundred dollars, damages. From this judgment this appeal is taken.

*W. W. Cotton,* and *Zera Snow,* for Appellants.

*A. S. Bennett,* for Respondent.

Strahan, C. J.—The complaint is a wide departure from the requirements of the statute (Hill's Code, § 318) declaring what the complaint in this class of actions shall contain, but inasmuch as no question was made as to its sufficiency, the same will not be further noticed. The defendants attempted to show title in the Oregon Railway & Navigation Company under the act of congress of March 3, 1875. The first section of that act provides that the right of way through the public lands of the United States is hereby granted to any railroad company duly organized under the laws of any state or territory, except the District of Columbia, or by the congress of the United States, which shall have filed with the secretary of the interior a copy of its articles of incorporation, and due proofs of its organization under the same, to the extent of one hundred feet on each side of the central line of its said road. * * * Section four of said act provides that any railroad company desiring to secure the benefits of this act, shall, within twelve months after the location of any section of twenty miles of its road, if the same be upon surveyed lands, and,

if upon unsurveyed lands, within twelve months after the survey thereof by the United States, file with the register of the land office of the district where such road is located, a profile of its road; and upon approval thereof by the secretary of the interior, the same shall be noted upon the plats in said office; and thereafter all such lands over which such right of way shall pass shall be disposed of subject to such right of way. (18 Stat. at Large, 482.)

For the purpose of sustaining the issues on the part of the defendant, the Oregon Railway & Navigation Company, the resident engineer of said company was called as a witness and gave evidence tending to prove that he was one of the engineers of said defendant in the year 1879; that he aided in making the preliminary survey of the line of said road in 1879; that the same was surveyed through the land described in the complaint, which is the same line where said road was located and constructed; that said line was marked by stakes driven in the ground, and the final location of said road was made on said line in the spring or summer of the following year, and that defendant's exhibit No. 1 correctly shows the location of said road as it was constructed.

H. S. Hurlburt, another witness connected with the construction department of said Oregon Railway & Navigation Company, testified in substance that he was one of the engineers of said defendant, and was engaged in laying out the work of construction; that a portion of the road had been constructed and in operation in the summer and fall of 1880 from The Dalles to Celilo, and at other points east thereof; and work of construction was going on in the fall of 1880 below Cascade Locks and west thereof; but that no construction was done over the land in controversy until the month of March, 1881, at which time construction work began over lots three and four. The defendants also introduced various exhibits, numbered from two to eight inclusive, tending, as was argued at the trial, to prove

compliance by the Oregon Railway & Navigation Company
with said act of congress.    All of these exhibits were
rejected except number six, and an exception properly
taken to each of said adverse rulings.    These exceptions
present the main contention on this appeal.    Exhibit 2
consists of copies of said defendants' articles of incorpora-
tion, and proofs of the organization thereunder, and sup-
plementary articles of incorporation certified from the
department of the interior.    No. 3 is a profile of the road,
certified from the general land office at Washington.    No.
4 is the same profile, certified from the Oregon City land
office.    No. 5 is the township plat with a profile of the
road marked thereon.    No. 6 was admitted, and is an
extract from the tract book, showing entry of the plaintiff
under date of application, August 13, 1881, under settle-
ment of May 13, 1881.    No. 7 is a copy of the commis-
sioner's letter of May 29, 1883, cancelling the entry of
Wm. Frizzelle.    No. 8 is a copy of the commissioner's letter
F, of October 14, 1880, notifying the register and receiver
of the approval of the maps filed with the secretary of the
interior, which approval was dated September 28, 1880.
What particular reasons the trial court had for rejecting
this documentary evidence, does not appear from the
record; but it may be assumed that they were the same
that were made by plaintiff's counsel upon the trial here;
and that is, there is no evidence tending to show at what
particular time these various exhibits were filed, and there-
fore it is not affirmatively shown that the said defendants'
rights had attached at the time of the plaintiff's settlement.
None of the papers was objected to on the ground that they
were not properly certified, and no such objections were
taken in this court.    The Oregon Railway & Naviga-
tion Company's articles of incorporation were signed and
acknowledged on the twelfth day of June, 1879, and on
the next day filed in the office of the secretary of state.
On the twenty-fourth day of November, 1879, the secretary

of state authenticated the copy used to prove the corporate existence of the defendant. It also appears that on the thirteenth day of June, 1879, a copy of said articles of incorporation were filed with the county clerk of Multnomah county, Oregon, and he also authenticates the copy from his office. His certificate bears date December 31, 1879. The assistant secretary of the defendant corporation also authenticates the same copy by his certificate dated January 27, 1880. On the same day said assistant secretary certifies that the organization of the defendant corporation was complete. The directors of said corporation took and filed the oath of office on the twenty-seventh day of January, 1880, and elected a president and the other necessary officers. On the fourteenth day of October, 1880, the acting commissioner of the general land office transmitted to the land office at Oregon City, copies of two maps, the originals of which had been filed by the Oregon Railway & Navigation Company under the right-of-way act of March 3, 1875, with the information that the honorable secretary of the interior had approved the same on the twenty-eighth ultimo, and the land office was directed to follow the instructions given in the circular of June 7, 1880. The copies of the maps transmitted seem to be in all respects such as are required by the act of congress, and are marked "approved subject to any valid interfering rights," and signed C. Schurz, secretary. This approval is dated September 28, 1880.

The plaintiff's settlement on the tract dated from May 13, 1881. His technical contention, therefore, as to the time when these various filings were made at Washington and Oregon City, becomes entirely immaterial, for the reason that it appears that the papers were filed and approved before his settlement. If the defendants' filings antedate his settlement, the particular day on which they were filed is immaterial. At the time of the plaintiff's settlement, the defendant company had located its road over these

tracts of land and fully complied with the act of congress granting it the right of way. The defendants' acquisition, then, was subject to the easement thus acquired, and the court below should have received the evidence offered and told the jury what was its legal effect. It consisted of writings, which it was the duty of the court below to construe and interpret. There were some other questions raised, but their discussion is unnecessary, as the view we take of the evidence offered and rejected will probably be decisive of this case upon another trial.

The judgment appealed from must be reversed, and the cause remanded to the court below for a new trial not inconsistent with this opinion.